SHEPHERD, Circuit Judge,
dissenting from Part II.A.
I respectfully dissent from the majority opinion in this case because it “all but ignore[s] ‘the only question that matters under § 2254(d)(1)’ ” which is “whether it is possible fairminded jurists could disagree that ... arguments or theories [that support or could have supported the state court’s decision] are inconsistent with the holding in a prior decision of [the Supreme] Court.” Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (quoting Lockyer v. Andrade, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)); see also Woods v. Donald, — U.S. -, 135 S.Ct. 1372, 1377, 191 L.Ed.2d 464 (2015) (per curiam) (noting that because no Supreme Court case had “confront[ed] ‘the specific question presented by this case,’ the state court’s decision could not be ‘contrary to’ any holding from this Court.” (quoting Lopez v. Smith, — U.S. -, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014))). This case raises the question of “whether the state court’s application of the Strickland standard was unreasonable.” See Harrington, 562 U.S. at 101, 131 S.Ct. 770. “This is different from asking whether defense counsel’s performance fell below Strickland’s standard.” Id. Instead, the habeas court should determine “whether there is any reasonable argument that counsel satisfied Strickland’s deferential standard.” Id. at 105, 131 S.Ct. 770.
The Supreme Court has provided guidance federal habeas courts must remember when considering § 2254(d) matters. First, “an unreasonable application of federal law is different from an incorrect application of federal law.” Id. at 101, 131 S.Ct. 770 (quoting Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)) (emphasis in original). Second, “even a strong case for relief does not mean the state court’s contrary conclusion was unreasonable.” Id. at 102, 131 S.Ct. 770. Third, the purpose of § 2254(d) is to “ ‘guard against extreme malfunction in the state criminal justice systems,’ not a substitute for ordinary error correction through appeal.” Id. at 102-03, 131 S.Ct. 770 (quoting Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment)). And, finally, the burden is on the petitioner to “show that the state court’s ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Id. at 103,131 S.Ct. 770.
The district court’s and the majority’s decisions center on the inability of Gabaree’s counsel to recall, several years and numerous trials later, the exact reasons for her failure to object. As recently noted by the Supreme Court, “the absence of evidence cannot overcome the ‘strong presumption that counsel’s conduct [fell] within the wide range of reasonable professional assistance.’ ” Burt v. Titlow, — U.S. -, 134 S.Ct. 10, 17, 187 L.Ed.2d 348 (2013) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052) (correction in Burt). Habeas petitioners are not entitled to relief based on little more than trial counsel’s inability to recall why certain instantaneous decisions were made. Instead, the Missouri Court of Appeals reviewed the decision of the trial-level court that conducted an evidentiary hearing that included testimony from Gabaree’s trial counsel. That court then explained Gabar-ee had failed to overcome the presumption that his attorney was effective because his attorney offered possible strategic reasons *1002 for not objecting to the testimony of Drs. Kelly and Sisk and those justifications were not unreasonable strategic decisions under Strickland. Thus, the Missouri Court of Appeals found Gabaree had failed to meet his burden of demonstrating that trial counsel was ineffective.
The district court, and the majority here, “appears to have treated the unreasonableness question as a test of its confidence in the result it would have reached under de novo review.” Harrington, 562 U.S. at 102, 131 S.Ct. 770. Absent from those decisions is any reference to what Supreme Court decision was violated. Further, the decisions fail to provide the appropriate deference owed the Missouri courts. While I might not have reached the same result as the Missouri courts had I been asked to consider the petition as a member of one of those courts, that does not mean there is no possibility that fair-minded jurists could determine the Missouri courts’ decisions were a reasonable application of Strickland. See Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir.1987) (“[T]he courts must resist the temptation to second-guess a lawyer’s trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and sympathies of judge and jury. The fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness.”). Accordingly, I would reverse the district court’s grant of habeas corpus relief to Gabaree and remand for entry of an order denying such relief.